```
                      UNITED STATES DISTRICT COURT
                        DISTRICT OF CONNECTICUT

------------------------------x
                              :
SHELLEY M. B.                 :   Civ. No. 3:21CV00390(SALM)
                              :
v.                            :
                              :
COMMISSIONER OF THE SOCIAL    :
SECURITY ADMINISTRATION       :
                              :   May 20, 2022
------------------------------x
```

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES IN ACCORDANCE WITH THE STIPULATION OF THE PARTIES**

Plaintiff Shelley M. B. ("plaintiff") seeks an award of fees pursuant to the Equal Access to Justice Act (hereinafter "EAJA"). Plaintiff filed concurrent applications for Supplemental Security Income and Disability Insurance Benefits on October 19, 2015, alleging disability beginning July 1, 2011. See Certified Transcript of the Administrative Record, Doc. #14, compiled on June 8, 2021, (hereinafter "Tr.") at 140-42. Plaintiff's applications were denied initially on February 17, 2016, see Tr. 140-41, and upon reconsideration on July 22, 2016. See Tr. 200-01.

On December 15, 2017, plaintiff, then self-represented, appeared and testified at a hearing before Administrative Law Judge ("ALJ") V. Paul McGinn. See generally Tr. 98-117. On January 11, 2018, the ALJ issued an unfavorable decision (the "2018 decision"). See Tr. 202-16. On December 12, 2018, the

1

Appeals Council granted plaintiff's request for review of the ALJ's 2018 decision, vacated the 2018 decision, and remanded the case for further administrative proceedings. See Tr. 219-21.

On May 13, 2019, plaintiff, represented by Attorney Russell Zimberlin, appeared and testified at a hearing before ALJ Deirdre Horton. See Tr. 38-85. On June 5, 2019, the ALJ issued an unfavorable decision (the "2019 decision"). See Tr. 10-37. On January 25, 2021, the Appeals Council denied plaintiff's request for review, thereby making he ALJ's 2019 decision the final decision of the Commissioner. See Tr. 1-6. On March 22, 2021, represented by Attorney Howard D. Olinsky, plaintiff timely appealed that decision to this Court. See Doc. #1.

On July 6, 2021, after having received an extension of time, see Doc. #13, the Commissioner (the "defendant" or "Commissioner") filed the official transcript. See Doc. #14. On October 4, 2021, after having received an extension of time, see Doc. #17, plaintiff filed a Motion to Reverse or Remand the Commissioner's Decision. See Doc. #18. On January 28, 2022, after having received two extensions of time, see Docs. #24, #26, the Commissioner filed a consented-to Motion for Voluntary Remand. See Doc. #27. On that same date, the Court granted defendant's Motion for Voluntary Remand, see Doc. #28, and on January 31, 2022, judgment was entered in favor of plaintiff. See Doc. #30.

On April 29, 2022, plaintiff filed a Motion for Attorney's Fees, see Doc. #31, and an Affirmation in Support of Motion for EAJA Fees. See Doc. #32. Plaintiff's counsel attached an "Affirmation and Waiver of Direct Payment of EAJA Fees" signed by plaintiff Shelley M. B. "waiv[ing] direct payment of the EAJA fees and assign[ing] said fees to be paid directly to [her] attorney." Doc. #32-1 at 2. On May 10, 2022, the Commissioner filed a Stipulation for Allowance of Fees Under the EAJA (the "Stipulation"). See Doc. #34. In the Stipulation, the parties "agree and stipulate that Plaintiff shall be awarded attorney fees in the amount of **$7,150.00** under the [EAJA], 28 U.S.C. § 2412. Such award is made in full and final satisfaction (upon payment) of any and all claims under EAJA for fees, expenses, and costs." Id. at 1.

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the record and determine whether the proposed award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and quotation marks omitted); see also Rogers v. Colvin, No. 4:13CV00945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that

3

under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation"). The Court therefore has reviewed the itemization of hours expended by plaintiff's counsel to determine whether the agreed upon fee amount is reasonable.

For the reasons set forth herein, the Court **APPROVES and SO ORDERS** the parties' Stipulation [**Doc. #34**], and **GRANTS, in part**, the Motion for Attorney's Fees [**Doc. #31**], for the stipulated amount of **$7,150.00**.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4)

4

that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

Plaintiff's attorney claims fees for 31.4 hours of attorney work at a rate of $217.72 per hour, and 6.9 hours of paralegal work at a rate of $100.00 per hour, for a total of 38.3 hours of work and a total fee of $7,526.41. See Doc. #32 at 2; see also Doc. #32-3 at 2-4. The parties have reached an agreement under which defendant would pay a reduced amount of $7,150.00. See Doc. #34 at 1. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover "a reasonable attorney's fee as part of the costs").[1] This Court has a duty to review counsel's time sheet to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV01768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

---

[1] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Commissioner consenting to an order of remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed. See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for 38.3 hours of attorney and paralegal work. See Doc. #32 at 2; see also Doc. #32-3 at 2-4. The administrative transcript in this case was comprised of 1,696 pages and plaintiff's counsel submitted a thorough and well-reasoned brief. The Court finds the time reasonable for the work claimed, including: review of the administrative transcript [Doc. #14]; preparation of the motion to reverse or remand and supporting memorandum [Docs. #18, #18-1]; and preparation of the statement of material facts [Doc. #19]. Cf. Rodriguez v. Astrue, No. 3:08CV00154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved,

6

counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (quotation marks and multiple citations omitted)); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004); cf. Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014).

"Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV01930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations and quotation marks omitted); Cobb v. Astrue, No. 3:08CV01130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). Accordingly, the Court finds that the claimed time is reasonable, particularly in light of the parties' stipulation, which adds weight to the claim that the fee award claimed is reasonable.

Therefore, an award of **$7,150.00** in fees is appropriate, and the Court **APPROVES and SO ORDERS** the parties' Stipulation [**Doc. #34**], and **GRANTS** the Motion for Attorney's Fees [**Doc. #31**], in part, for the stipulated amount of **$7,150.00**.

SO ORDERED at Bridgeport, Connecticut this 20th day of May, 2022.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE